UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

CHEERS WINE & SPIRITS, LLC                     Case No.
    Plaintiff,                                  Hon.
        vs.

LUCKY GIRL BREWING COMPANY                     **VERIFIED COMPLAINT**
d/b/a LUCKY GIRL BEER CO.                      **AND JURY DEMAND**
    Defendant
_____/

Laurence C. Begin (P55058)
larrybegin@beginlaw.com
L.C. BEGIN & ASSOCIATES, PLLC
Counsel for Plaintiff
510 Highland Avenue PMB 403
Milford, MI 48381
(248) 889-5875

_____

      CHEERS WINE & SPIRITS, L.L.C., by and through its Attorneys, L.C. Begin &

Associates, P.L.L.C. submits the following as its Verified Complaint against LUCKY

GIRL BREWING COMPANY, L.L.C., d/b/a LUCKY GIRL BEER CO.:

1

## JURISDICTION AND VENUE

1.      This is a complaint for Trademark Infringement, False Designation of Origin, Unfair Competition, and Trademark Dilution arising under 15 U.S.C. §§1114(1), 1125(a), 1125(c), and Michigan common law.

2.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1138(a) and 15 U.S.C. §1121.  This Court has related claim jurisdiction over the claims arising under Michigan common law pursuant to 28 U.S.C. §1338(b) and 28 U.S.C. §1367.

3.      This Court has personal jurisdiction over Lucky Girl Brewing Company, L.L.C. because it maintains its principal place of business in the city of Grand Junction, state of Michigan.

4.      Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this district and the defendant maintains its principal place of business in Michigan.

## THE PARTIES

5.      Plaintiff Cheers Wine & Spirits, L.L.C. (hereinafter "Cheers") is a limited liability company organized and existing under the laws of the State of California since 2012, with its principal place of business in Rochester, Michigan.

6.      Defendant Lucky Girl Brewing Company, L.L.C. (hereinafter "Defendant") is a limited liability company organized and existing under the laws of the State of Michigan since 2013 with its principal place of business in Grand Junction, Michigan.

7.      On December 19, 2013, the Michigan Department of Labor & Economic Growth Bureau of Commercial Services, Corporation Division registered "Lucky Girl Beer Co."

as an assumed name of Lucky Girl Brewing Company, L.L.C. (Lucky Girl Brewing Company, L.L.C. d/b/a Lucky Girl Beer Co. are hereinafter collectively or individually referred to as "Lucky Girl" or "Defendant").

## **COMMON ALLEGATIONS**

8. Cheers is a leading wine maker which, since 2012 has distributed several varieties of wine throughout several states including Michigan, Illinois, Indiana, New Jersey, Wisconsin, and Connecticut. Cheers' owns the HAUNTED® trademark, amongst other trademarks, as confirmed in Exhibit 1.

9. Plaintiff has experienced substantial growth since its beginning because of its research and development in making its adult beverages, particularly wines, and because of its further marketing investments.

10. As a result of its endeavors, Plaintiff has created and owns valuable intellectual property including its trademarks such as the HAUNTED® trademark. See the list of Cheers' Intellectual Property, Exhibit 2.

11. In August of 2013, Plaintiff first used its HAUNTED® trademark in interstate commerce to identify a specific variety of seasonal wine it produces, which is sold to the general public in liquor stores, supermarkets, and other retail outlets.

12. Cheers applied for registration of the mark HAUNTED® on September 11, 2012 with the United States Patent and Trademark Office (USPTO). The USPTO finalized registration of the HAUNTED® mark on January 7, 2014.

13. Since its registration, Cheers has used its mark prominently displayed in the marketing and sale of its products, including use of the mark on shelving, in advertisements, on signs, on websites, and on bottles and other wine packaging. See Exhibit 3.

3

14. As a result of substantial advertising and marketing, the HAUNTED® trademark has become an asset of substantial value and is a distinctive indication of the origin and quality of Cheers' goods.

15. Cheers has developed significant and valuable goodwill in its mark since first commencing to utilize the mark in interstate commerce in August 2013.

16. Defendant is a fledgling Michigan brewery which was first organized under the laws of the State of Michigan on November 4, 2013, and first illegally and improperly offered beer using the HAUNTED designation for sale to adult members of the general public on or about August 2015

17. Defendant and Cheers operate related businesses in that each sells craft-made alcoholic beverages to the consuming public.

18. The owner of Cheers, Mr. Jon Gerstenschlager, and the owner of Defendant, Mr. Jeffrey R. Wescott, formerly operated as business partners at Lucky Girl. Both ended their business affiliation with each other in 2015, with all rights in Cheers' intellectual property being retained by Cheers.

19. Prior to this business affiliation, Mr. Gerstenschlager and Plaintiff, developed the HAUNTED® trademark independently of Mr. Wescott. Furthermore, Mr. Gerstenschlager also independently developed surrounding artwork that constituted the design, look, and feel, and the general trade dress of the packaging of the seasonal Cheers' wine containing the HAUNTED® mark.

20. Other related marks owned by Cheers include HAUNTED GHOSTLY WHITE WINE®, HAUNTED BLOOD RED WINE®, and HAUNTED UNDEAD RED.

21. Upon information and belief, Defendant has and continues to advertise, market, and sell its beer products improperly and illegally using the HAUNTED designation in

4

interstate commerce, and in Michigan stores. (Screenshots of Defendant's website depicting the beer that it is currently offering for sale are attached collectively as Exhibit 4. Photographs illustrating the packaging of beer and ale products currently sold on store shelves using the illegal HAUNTED designation are attached collectively as Exhibit 5).

22. Upon information and belief, because of the similarity of the marks used by the parties and the related nature of their respective businesses, prospective consumers are likely to be and actually have been deceived, mistaken, and confused as to the source of Defendant's beer and/or ale, mistakenly believing it to be produced by Cheers.

23. On September 3, 2015, Cheers notified Defendant of its exclusive rights in and its ownership of the HAUNTED® mark, and demanded that it cease using the designation in connection with the advertising, marketing, and sale of its beer or ale. See Exhibit 6.

24. Defendant has failed to comply with Cheers' demand and continues to illegally use the HAUNTED® mark as its designation in commerce.

## COUNT I–INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK

25. Cheers re-incorporates paragraphs 1 through 24 by reference.

26. Defendant's use of the designation HAUNTED, alone or in combination with other words, in the advertising, marketing, distribution, and sale of its beer and/or ale products is an infringement of Cheers' registered trademark in violation of 15 U.S.C. §1114.

27. Defendant will, if not enjoined by this Court, continue its acts of trademark infringement set forth above, which have caused and will continue to cause Cheers immediate and irreparable harm.

28. Defendant's acts have damaged Cheers' business reputation and have impaired and diluted Cheers' goodwill in its trademark.

29. Pursuant to 15 U.S.C. §1116, Cheers is entitled to a preliminary and permanent injunction enjoining Defendant, its officers, agents, members, and employees from using the designation HAUNTED alone or in combination with other words or in any other imitations of the mark HAUNTED in the advertising, marketing, or sale of any of Defendant's beers, ales, or other related goods.

30. As a result of Defendant's trademark infringement, Cheers has suffered monetary damages.

31. Pursuant to 15 U.S.C. §1117, Cheers is entitled to a judgment for damages not to exceed three times the amount of its actual damages, plus interest and recovery of an amount equal to Defendant's profits derived from Defendant's unlawful and wrongful use of Cheers' mark.

## COUNT II-FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION

32. Cheers re-incorporates paragraphs 1-31 by reference.

33. Defendant's use of the designation of HAUNTED in the advertising, marketing, distribution, and sales of its beer and/or ale for its own benefit, in such a fashion as to imitate Cheers' trademark, constitutes a violation of 15 U.S.C. §1125(a) on the grounds that it creates a likelihood of confusion among the consuming public, and further on the grounds that such usage induces, or is likely to induce, the consuming public to believe, contrary to facts, that Defendant's beer and/or ale is produced by, approved by, or otherwise connected in some way with Cheers or with Cheers' various brands of wine.

34. Defendant will, if not enjoined by this Court, continue its acts of unfair competition by the use of the false designation and false representation set forth above, which has caused, and will continue to cause, Cheers immediate and irreparable harm.

35. Pursuant to 15 U.S.C. §1116, Cheers is entitled to a preliminary and permanent injunction enjoining Defendant, its officers, agents, members, and employees from using the designation HAUNTED alone or in combination with other words or in any other imitations of the mark HAUNTED in the advertising, marketing, or sale of any of Defendant's beers, ales, or other related goods.

36. As a result of Defendant's acts of unfair competition, Cheers has suffered monetary damages.

37. Pursuant to 15 U.S.C. §1117, Cheers is entitled to a judgment for damages not to exceed three times the amount of its actual damages, plus interest and recovery of an amount equal to Defendant's profits derived from Defendant's unfair competition.

### COUNT III–COMMON LAW TRADEMARK INFRINGEMENT

38. Cheers re-incorporates paragraphs 1 through 37 by reference.

39. Cheers used the HAUNTED® mark, both as a registered mark and as a common law mark, more than two years prior to Defendant's first use of the designation HAUNTED.

40. Defendant's use of the mark infringes on Cheers' ownership of it and has and will continue to have the effect of causing confusion, mistake, or deception as to the source and origin of Defendant's products and to deceive the public by passing off Defendant's products as being produced, sponsored, or otherwise approved by or connected with Cheers.

41. Defendant's acts have damaged Cheers' business reputation and have impaired and diluted Cheers' goodwill in its trademark.

42. Defendant will, if not enjoined by this Court, continue its acts of trademark infringement set forth above, thereby deceiving the public and causing Cheers immediate and irreparable harm.

43. Cheers is entitled to a preliminary and permanent injunction enjoining Defendant, its officers, agents, members, and employees from using the designation HAUNTED alone or in combination with other words or in any other imitations of the mark HAUNTED® in the advertising, marketing, or sale of any of Defendant's beers, ales, or other related goods.

44. As a result of Defendant's trademark infringement, Cheers has suffered monetary damages.

45. Cheers is entitled to a judgment for actual damages, plus interest and recovery of an amount equal to Defendant's profits derived from Defendant's unlawful and wrongful use of Cheers' mark.

## COUNT IV-COMMON LAW UNFAIR COMPETITION

46. Cheers re-incorporates paragraphs 1 through 45 by reference.

47. The tendency and effect of Defendant's continued use of the designation HAUNTED, alone or in combination with other words, in the advertising, marketing, and sale of its beer and/or ale is to cause confusion, mistake, and deception as to the source or origin of Defendant's goods.

48. Defendant's acts have damaged Cheers' business reputation and have impaired and diluted Cheers' goodwill in its trademark, and constitute common law unfair competition.

49. Defendant will, if not enjoined by this Court, continue its acts of unfair competition set forth above, thereby deceiving and confusing the public and causing Cheers immediate and irreparable harm.

50. Cheers is entitled to a preliminary and permanent injunction enjoining Defendant, its officers, agents, members, and employees from using the designation HAUNTED alone or in combination with other words or in any other imitations of the mark HAUNTED® in the advertising, marketing, or sale of any of Defendant's beers, ales, or other related goods.

51. As a result of Defendant's trademark infringement, Cheers has suffered monetary damages.

52. Cheers is entitled to a judgment for actual damages, plus interest.

## COUNT V–FEDERAL TRADEMARK DILUTION

53. Cheers re-incorporates paragraphs 1 through 52 by reference.

54. Cheers is recognized as one of the preeminent wineries in the United States, and as such, the Cheers' trademark has become famous and distinctive through Cheers' continuous use of the HAUNTED® name and mark in connection with the advertising, marketing, distribution, and sale of its products.

55. Through widespread and favorable public acceptance, Cheers' HAUNTED® mark has gained a reputation as a distinctive indication of the origin and quality of Cheers' goods.

56. Defendant has used, and continues to use, the confusingly similar HAUNTED designation in connection with the advertising, marketing, and sale of its beer and/or ale.

57. Cheers' and Defendant's businesses and goods offered for sale are related.

9

58. Defendant's use of the HAUNTED® mark in connection with the advertising, marketing, and sale of its wine has caused and will continue to cause injury to and dilution of the distinctive quality of the HAUNTED® mark in violation of 15 U.S.C. §1125(c).

59. Cheers had demanded that Defendant cease and desist from using the mark but Defendant has failed to comply.

60. In so doing, Defendant has engaged in the above-described actions willfully, recklessly, wantonly, and unlawfully and with the intent to dilute Cheers' mark, and with the intent to trade on and benefit from Cheers' goodwill and reputation.

61. As a direct and proximate result of Defendant's conduct, Cheers has suffered and continues to suffer irreparable harm, and Cheers has no adequate remedy at law if Defendant's actions in this regard are allowed to continue.

62. Pursuant to 15 U.S.C. §1125(c)(1), Cheers is entitled to a preliminary and permanent injunction enjoining Defendant, their officers, agents, members, and employees from using the HAUNTED® mark alone or in combination with other words or in any other colorable imitations of the mark HAUNTED® in the advertising, marketing, or sale of any of Defendant's beers, ales, or other related goods.

63. As a result of Defendant's acts as set forth above and in addition to the irreparable harm already suffered, Cheers has suffered monetary damages.

64. Pursuant to 15 U.S.C. §§1117 and 1118, Cheers is entitled to a judgment for damages not to exceed three times the amount of its actual damages, plus interest and recovery of an amount equal to Defendant's profits derived from Defendant's unlawful and wrongful conduct, and an order requiring Defendant to destroy all infringing articles.

### COUNT VI–ATTORNEY FEES

65. Cheers re-incorporates paragraphs 1 through 64 by reference.

66. Defendant's acts and conduct as described above were and continue to be willful, fraudulent, reckless, and/or made in bad faith.

67. As such and pursuant to 15 U.S.C. §1117, Cheers is entitled to an award of its reasonable attorney's fees in pursuing this action.

### PRAYER FOR RELIEF

WHEREFORE, Cheers respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

A. Issue a preliminary and permanent injunction enjoining Defendant from:

1. Using in any manner the designation HAUNTED or any words of combination of words in the advertising, marketing, or sale of Defendant's beer, ale, and related goods;

2. Using in any manner any trademark, words, abbreviations, designs, arrangement, or other combinations thereof that would imitate, resemble, or suggest the HAUNTED® mark;

3. Otherwise infringing on Cheers' trademark; and

4. Unfairly competing with Cheers by diluting the distinctiveness of its mark.

B. Award Cheers monetary damages in an amount equal to:

1. Three times Cheers' actual monetary damages;

2. Cheers costs and attorney fees in bringing this action; and

11

3. Defendant's profits attributable to Defendant's unlawful and wrongful conduct.

C. Issue an Order requiring Defendant's immediate destruction of any infringing articles such as packaging, labels, advertising, marketing, bottles or containers, and any other materials containing the HAUNTED designation/mark or some colorable imitation thereof.

D. Such additional relief as the Court may deem fair and appropriate under the circumstances.

## **JURY DEMAND**

Plaintiff Cheers hereby requests a trail by jury on all issues so triable.

L.C. BEGIN & ASSOCIATES, PLLC
Attorney for Plaintiff

s/Laurence C. Begin
Laurence C. Begin (P55058)
510 Highland Ave.
PMB 403
Milford, MI 48381

## VERIFICATION

JON GERSTENSCHLAGER hereby certifies under penalty of perjury as follows:

1. I am the managing member of CHEERS WINE & SPIRITS, L.L.C. I am fully familiar with the facts contained herein based upon my personal knowledge and upon the books and records kept in the ordinary course of Cheers' business.

2. I have read the allegations contained in the foregoing Verified Complaint. The allegations set forth therein are true, except for those allegations which are set forth upon information and belief, in which case I believe them to be true.

I hereby declare under penalty of perjury that the foregoing is true and correct.

s/Jon Gerstenschlager
JON GERSTENSCHLAGER

LAURENCE C. BEGIN hereby certifies under penalty of perjury as follows:

1. I have been informed that Mr. Jon Gerstenschlager, by and through his legal counsel, Mr. Richard Delonis, has notified Mr. Jeffrey Westcott of Lucky Girl Brewing Company, L.L.C. of his ongoing infringement of trademark(s) owned by Cheers Wine & Spirits, L.L.C.
2. Lucky Girl Brewing Company, L.L.C. has failed to cease and desist from the infringing activity now complained of.

I hereby declare under penalty of perjury that the foregoing is true and correct.

s/Laurence C. Begin
LAURENCE C. BEGIN

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system.

 

s/Laurence C. Begin
510 Highland Avenue, PMB 403
Milford, MI 48381
Phone: (248) 889-5875
larrybegin@beginlaw.com
(P55058)